## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| JJL HEALTH PRODUCTS, LLC § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO.: 1:17-CV-352 |
| § | JURY TRIAL DEMANDED |
| CASTLE CO-PACKERS, LLC, § | |
| § | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**COME NOW,** JJL HEALTH PRODUCTS, LLC (hereinafter referred to as "Plaintiff"), and for their causes of action against Defendant, CASTLE CO-PACKERS, LLC (hereinafter referred to as "Defendant"), state as follows:

1. This is a civil action for the recovery of damages. Defendant's liability is based on breach of contract, conversion and fraud.

### Parties

2. Plaintiff, JJL HEALTH PRODUCTS, LLC, is a limited liability corporation organized and existing under the laws of the State of Texas. Its members are residents of the State of Texas.

3. Defendant, CASTLE CO-PACKERS, LLC, is a foreign limited liability corporation organized and existing under the laws of the State of Pennsylvania. Its members and sole organizer are residents of the State of Pennsylvania. CASTLE CO-PACKERS, LLC's registered address as set forth in the records of the Secretary of State for the State of Pennsylvania is: Bldg. 204B, Schreiber Industrial Park, New Kensington, PA 15068.

### **Jurisdiction and Venue**

4. Jurisdiction under 28 U.S.C. §1332 is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in the Eastern District of Texas because Plaintiff is resident-citizens of the Eastern District of Texas, and Defendant is subject to the diversity jurisdiction of this Court.

### **General Allegations**

5. Prior to commencement of this action, Plaintiff entered into an agreement with Defendant which required Defendant to manufacture and store a bottled drink for Plaintiff and, upon request by Plaintiff, to ship the bottled drink to Plaintiff in Texas. Plaintiff has paid Defendant to manufacture and store thousands of cases of the bottled drink; and Defendant, without cause or justification, has failed to ship or release thousands of cases of the bottled drink to Plaintiff upon demand that it do so.

### **Breach of Contract**

6. Plaintiff incorporates the allegations set forth in paragraphs 1 through 6 as if set forth in full.

7. Defendant's actions and/or omissions constitute a breach of its duty to perform its contract with Plaintiff. Plaintiff has fully performed its obligations under the contract and/or has been excused from performing its obligations. Plaintiff has performed all conditions precedent, if any, to bringing suit against Defendant. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by Defendant's breach.

8. Not less than thirty (30) days prior to the commencement of this action, Plaintiff made written demand on Defendant in conformity with the requirements of Texas Civil Practice & Remedies Code, Section 38.001.

## **Conversion**

9. Plaintiff incorporates the allegations set forth in paragraphs 1 through 6 as if set forth in full.

10. At all times relevant to Plaintiff's causes of action, Plaintiff owned, or had the right to immediate possession of, the undelivered bottled drink; Defendant has wrongfully exercised dominion or control over the undelivered bottled drink to the exclusion of and inconsistent with Plaintiff's rights; and, Plaintiff has suffered injury as a result.

11. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by the Defendant's conversion and exemplary damages.

## **Fraud**

12. Plaintiff incorporates the allegations in paragraphs 1 through 6 as if set forth in full.

13. Defendant made or caused to be made false statements of material fact to Plaintiff. The false statements include, but are not limited to, a claim that Defendant would use money provided by Plaintiff to manufacture and store Plaintiff's undelivered bottled drink. Defendant knew that each misrepresentation made to Plaintiff was false when it was made; and/or each misrepresentation was made recklessly, as a positive assertion, and without knowledge of its truth.  Defendant made each misrepresentation with the intent that Plaintiff act on it.  Plaintiff relied on each misrepresentation.  Plaintiff has suffered injury as a result of each misrepresentation.

14. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by the Defendant's fraud and exemplary damages.

### Discovery Rule

15. Plaintiff asserts the discovery rule with respect to those causes of action to which it applies.

### Jury Demand

16. Plaintiff demands trial by jury on all issues so triable.

### Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial of this cause it has a judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, attorneys' fees, for court costs, and for such other and further relief to which they may be entitled to either at law or in equity and for all of which it will ever pray.

Respectfully submitted,

**PORTNER ♦ BOND, PLLC**

BY: /s/  *Tom Kiehnhoff*
    Tom Kiehnhoff, Of Counsel
    Email: tkiehnhoff@portnerbond.com
    Texas State Bar No: 24031311
    Chris Portner
    Email: cportner@portnerbond.com
    Texas State Bar No: 24007858
    1905 Calder Avenue
    Beaumont, TX 77701
    Telephone: (409) 838-4444
    Facsimile: (409) 554-0240

**ATTORNEYS FOR PLAINTIFF**