IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **JJL HEALTH PRODUCTS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO.: 1:17-CV-352** |
| | § | **JURY TRIAL DEMANDED** |
| **CASTLE CO-PACKERS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, JJL HEALTH PRODUCTS, LLC (hereinafter referred to as "Plaintiff"), and for its causes of action against Defendant, CASTLE CO-PACKERS, LLC (hereinafter referred to as "Defendant"), states as follows:

1. This is a civil action for the recovery of damages. Defendant's liability is based on breach of contract, conversion and fraud.

### Parties

2. Plaintiff, JJL HEALTH PRODUCTS, LLC, is a limited liability corporation organized and existing under the laws of the State of Texas. Its members are residents of the State of Texas.

3. Defendant, CASTLE CO-PACKERS, LLC, is a foreign limited liability corporation organized and existing under the laws of the State of Pennsylvania. Its members and sole organizer are residents of the State of Pennsylvania. CASTLE CO-PACKERS, LLC's registered address as set forth in the records of the Secretary of State for the State of Pennsylvania is: Bldg. 204B, Schreiber Industrial Park, New Kensington, PA 15068.

1

## Jurisdiction and Venue

4. At all times relevant to this matter, Plaintiff has been engaged in the business of selling light beverage products under the Southern Sweetwater® trademark. At all times relevant to this matter, Plaintiff has conducted its light beverage business in the Eastern District of Texas.

5. At all times relevant to this matter, Defendant mixed Plaintiff's light beverage product; bottled, capped and labeled the product; stored the product; and, delivered the product to locations specified by Plaintiff, including locations in the State of Texas.  Defendant provided the afore-mentioned co-packer services in the State of Pennsylvania.

6. Over a period of two years, and at all times relevant to this matter, Defendant billed for its co-packer services, both before and after providing those services, by sending invoices for payment to Plaintiff in the Eastern District of Texas.  The invoices covered both payment and prepayment for tens of thousands of cases of product.

7. On or about August 10, 2015, Defendant sent an invoice to Plaintiff in the Eastern District of Texas requesting prepayment of $157,827.55 for the following: "Co pack fees, shrink wrap, citric acid, HFCS55 (sugar), Sucralose (raw material) and apple juice (raw material) and kosher fees."  Exhibit A.  This invoice represented a pre-payment for Plaintiff's product.

8. In response to the Invoice attached as Exhibit A, on or about September 8, 2015, Plaintiff wire-transferred $157,827.55 to an account maintained by Defendant in New Kensington, Pennsylvania.  Exhibit B.

9. Jurisdiction under 28 U.S.C. §1332 is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in the Eastern District of Texas because Plaintiff is resident-citizens of

the Eastern District of Texas, and Defendant is subject to the diversity jurisdiction of this Court.

## Breach of Contract

10. Plaintiff incorporates the allegations set forth in paragraphs 1 through 9 as if set forth in full.

11. After receiving the payment evidenced by Exhibit B, Defendant made a single shipment of product to Plaintiff in the Eastern District of Texas. The shipment did not conform to the number of cases and pallets required by bill of lading on which the shipment was based. Thereafter, Defendant has failed and refused to fill the shortage or to provide Plaintiff with product to fill outstanding orders.

12. The payment evidenced by Exhibit B was for new product. After repeated requests by Plaintiff for information concerning when the new product would be available to fill outstanding orders, Defendant claimed in an email sent to Plaintiff in the Eastern District of Texas that it could not ship any new product until it had sorted "through all of the product in the warehouse" to identify product that was out of date and that they could not "ship anything until this process is complete." In a subsequent email sent to Plaintiff in the Eastern District of Texas, concerning the alleged for out of date product, Defendant represented that, "[w]e will do our best to get this done as quickly as possible." As of the date of filing this Amended Complaint, Defendant has not identified any out of date product or advised Plaintiff that any of its inventory was subject to recall.

13. Defendant has failed to pay vendors for services for which it was reimbursed by Plaintiff based on previous invoices sent to Plaintiff in the Eastern District of Texas.

14. Defendant's actions and/or omissions constitute a breach of its duty to perform its contract with Plaintiff. Plaintiff has fully performed its obligations under the contract and/or has been excused from performing its obligations. Plaintiff has performed all conditions precedent, if any, to bringing suit against Defendant. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by Defendant's breach.

15. Not less than thirty (30) days prior to the commencement of this action, Plaintiff made written demand on Defendant in conformity with the requirements of Texas Civil Practice & Remedies Code, Section 38.001.

## Conversion

16. Plaintiff incorporates the allegations set forth in paragraphs 1 through 15 as if set forth in full.

17. At all times relevant to Plaintiff's causes of action, Plaintiff owned, or had the right to immediate possession of, the product; Defendant has wrongfully exercised dominion or control over the product to the exclusion of and inconsistent with Plaintiff's rights; and, Plaintiff has suffered injury as a result.

18. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by the Defendant's conversion and exemplary damages.

## Fraud

19. Plaintiff incorporates the allegations in paragraphs 1 through 18 as if set forth in full.

20. Defendant made or caused to be made false statements of material fact to Plaintiff. The false statements were made in telephone calls to and invoices and emails sent to Plaintiff

in the Eastern District of Texas. The false statements include, but are not limited to, claims by Defendant that the pre-payment of funds by Plaintiff would be used to produce additional goods, that Defendant had a right to payment and/or reimbursement for goods and services provided to Plaintiff; and, that the goods and services for which claimed a right to payment and/or reimbursement had been or, would be, acquired or performed.

21. Defendant knew that each misrepresentation made to Plaintiff was false when it was made; and/or each misrepresentation was made recklessly, as a positive assertion, and without knowledge of its truth. Defendant made each misrepresentation with the intent that Plaintiff act on it. Plaintiff relied on each misrepresentation. Plaintiff has suffered injury as a result of each misrepresentation.

22. Based on the foregoing, Plaintiff is entitled to recover actual damages together with any consequential damages proximately caused by the Defendant's fraud and exemplary damages.

## Discovery Rule

Plaintiff asserts the discovery rule with respect to those causes of action to which it applies.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause it has a judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, attorneys' fees,

for court costs, and for such other and further relief to which they may be entitled to either at law or in equity and for all of which it will ever pray.

        Respectfully submitted,

        **PORTNER ♦ BOND, PLLC**

B Y : /s/ *Tom Kiehnhoff*
  Tom Kiehnhoff, Of Counsel
  Email: tkiehnhoff@portnerbond.com
  Texas State Bar No: 24031311
  Chris Portner
  Email: cportner@portnerbond.com
  Texas State Bar No: 24007858
  1905 Calder Avenue
  Beaumont, TX 77701
  Telephone: (409) 838-4444
  Facsimile: (409) 554-0240

        **ATTORNEYS FOR PLAINTIFF**